UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NANCY RINALDI and WILLIAM SWISHER, <br><br>Plaintiff, <br><br>v. <br><br>FCA US LLC, FOX RENT A CAR, Inc., and ABC CORPORATIONS 1-10, <br><br>Defendant. | Civil Action No.: <br><br>**NOTICE OF REMOVAL** |

**TO:**   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

Pursuant to Title 28 U.S.C. §§ 1332 and 1446, Defendant, FCA US LLC, hereby gives notice of removal of an action filed against it in the Superior Court of New Jersey, Camden County, to the United States District Court for the District of New Jersey.[1] In support of the removal, Defendant respectfully offers the following:

**I.   PRELIMINARY MATTERS**

1.   On or about January 18, 2022, Plaintiff commenced this personal injury action in the Superior Court of New Jersey, Law Division, Camden County, bearing Docket Number CAM-L-000141-22. *See* Copies of all pleadings (Summons and Complaint) received by FCA US as **Exhibit A**. This is a product liability case involving a 2018 Jeep Wrangler vehicle, bearing VIN #

---

[1] In no way shall this Notice of Removal be interpreted as a waiver or relinquishment of FCA US's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or forum non conveniens, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

1C4BJWDG9JL865632, wherein plaintiff alleges defects in the design and manufacturing of the vehicle. *Id.*

2.  Removal is timely pursuant to 28 U.S.C. § 1446(b). Defendant FCA US LLC received a copy of only the Summons and Complaint by certified mail on January 25, 2022. *Id.*

## II. DIVERSITY JURISDICTION EXISTS

3. This action is removable because this Court has original subject matter jurisdiction over it. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States [and/or] citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1), (2). In this case, Plaintiffs' citizenship is diverse from Defendants' citizenship, and the amount in controversy exceeds $75,000. As such, this Court has subject matter jurisdiction over this dispute.

**A.  Plaintiffs' Citizenship is Diverse from the Defendants' Citizenship**

4. Plaintiffs Nancy Rinaldi and William Swisher are citizens of the State of New Jersey. *See* Exhibit A, p. 1-2.

5. Defendant FCA US is not a citizen of New Jersey. For purposes of Federal Court diversity jurisdiction, the citizenship of a limited liability company, such as FCA US LLC, is determined by the citizenship of each of its members. *See Johnson v. Smithkline Beecham Corp.*, 742 F.3d 337, 348 (3d Cir. 2013); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). The traditional elements of corporate citizenship, the principal place of business and state of

organization, are not proper factors in the citizenship analysis of a limited liability company. *See Johnson*, 724 F.3d at 347-48 ("The principal place of business of an unincorporated entity is therefore irrelevant to determining its citizenship"); *Rice Drilling B, LLC v. Int'l Assets Advisory, LLC*, 2013 U.S. Dist. LEXIS 170304, *12 (W.D. Pa. Dec. 23, 2013) (disregarding state of organization of a limited liability company in determining its citizenship).

6. Defendant FCA US is a Delaware limited liability company with its principal place of business in Michigan, whose sole member is FCA North America Holdings LLC. FCA North America Holdings LLC is a Delaware limited liability company with its principal place of business in Michigan, whose sole member is FCA Foreign Sales Holdco Ltd. FCA Foreign Sales Holdco Ltd. is incorporated under the laws of the United Kingdom and has its principal place of business in the United Kingdom. FCA Foreign Sales Holdco Ltd. is wholly owned by SFS UK 1 Limited, which is incorporated under the laws of the United Kingdom and has its principal place of business in the United Kingdom. SFS UK 1 Limited is wholly owned by Stellantis, N.V. f/k/a Fiat Chrysler Automobiles N.V., which is incorporated under the laws of the Netherlands and has its principal place of business in the Netherlands. Under the laws of the Netherlands, Stellantis, N.V. is an independent legal entity with separate legal standing from any of its investors or legal representatives.

7. Further, Defendant FOX RENT A CAR, INC. is a California Corporation, and its principal place of business is in Los Angeles, California. *See* Exhibit A.

8. Upon information and belief, FOX RENT A CAR, INC. has not been served; therefore, consent to remove this case to Federal Court is not required in this matter pursuant to 28 U.S.C. § 1446(b)(2)(a) ("all defendants who have been properly joined and served must join in or

consent to the removal of the action"). To the extent FOX RENT A CAR, INC. is served, FOX RENT A CAR, INC. has expressed consent to the removal of this action.

9. In sum, Plaintiffs are citizens of New Jersey and Defendants are not citizens of New Jersey. There is complete diversity of citizenship between Plaintiffs and Defendants.

**B.     The Amount in Controversy Exceeds $75,000**

10. Though Plaintiffs' Complaint does not specify the exact amount of damages that they seek, their allegations of damages exceed the jurisdictional threshold. "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014). "No evidentiary support is required, and the Court should accept a removing defendant's allegations unless they are contested by the plaintiff or questioned by the Court." *Farrell v. FedEx Ground Package Sys., Inc.*, 478 F.Supp.3d 536, 540 (D.N.J. 2020); *see also Grace v. T.G.I. Fridays, Inc.*, 2015 WL 4523639, at *3 (D.N.J. July 27, 2015) (same).

11. Plaintiff Nancy Rinaldi claims that she "was seriously injured in the crash and suffered permanent injuries to her body," resulting in neck surgery. *See* Exhibit A, p. 3. Plaintiff Nancy Rinaldi further alleges sustaining "diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, has been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure Plaintiff's said injuries, has been and will be compelled to expend large sums of money, has been and will be prevented from attending to Plaintiff's normal business and affairs, and has been otherwise damaged." *Id.* at p. 7.

12. Given the alleged severity and permanency of Plaintiff Nancy Rinaldi's injuries and her claims for damages, it is facially apparent that Plaintiff is demanding an amount, exclusive of interest and costs, in excess of the jurisdictional minimum set forth in 28 U.S.C. § 1332.

13. Accordingly, this Honorable Court has original jurisdiction over the claims in the Complaint pursuant to the provisions of 28 U.S.C. § 1332, because there is complete diversity between the named parties and the amount in controversy exceeds $75,000.

14. As a result, this entire case is one which may be removed to this Court by virtue of the provisions of 28 U.S.C. § 1441(a).

## III. TIMELINESS

15. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days after January 25, 2022, the date FCA US LLC, received the Complaint via certified mail and first ascertained that the matter is removable. *See* Fed. R. Civ. P. 6(a)(1)(B) & (C).

16. In accordance with 28 U.S.C. § 1446(b) this case has been on file for less than 1 year.

## IV. VENUE

17. Plaintiff's action is pending in the Superior Court of New Jersey, Law Division, Camden County, which is within this judicial district. *See* 28 U.S.C. § 110. Thus, this Court is the appropriate Federal Court for removal pursuant to 28 U.S.C. § 1441(a).[2]

## V. NOTICE

18. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiffs and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Law Division, Camden County.

---

[2] By removing this action to this Court, FCA US is not admitting that this Court is the appropriate forum for the adjudication of this action. Further, by effectuating this removal, FCA US is in no way waiving, and hereby expressly reserves, its right to file motions, inter alia, to challenge venue, to dismiss or to transfer this action to another jurisdiction.

## VI. MISCELLANEOUS

19. A copy of all process, pleadings and orders served upon FCA US LLC in this action are attached as Exhibit A.

## VI. CONCLUSION

For the foregoing reasons, FCA US LLC, respectfully requests that this action, previously pending in the Superior Court of New Jersey, Law Division, Camden County, be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

**TANENBAUM KEALE LLP**

By: /s/ Tiffany M. Alexander
Tiffany M. Alexander, Esq.
NJ Attorney ID No. 000692002
100 Mulberry Street, Suite 1301
Newark, NJ 07102
Tel: (973) 242-0002
Fax: (973) 242-8099
Email: talexander@tktrial.com
*Attorneys for Defendant,*
*FCA US LLC*

DATED: February _18_, 2022