## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

NANCY RINALDI AND WILLIAM
SWISHER,

              Plaintiffs,

    v.

FCA US LLC, FOX RENT A CAR,
INC., AND ABC CORPORATIONS
1-10,
              Defendants.

1:22-cv-00886-NLH-MJS

OPINION

---

Appearances:

JAY L. EDELSTEIN
EDELSTEIN LAW LLP
230 SOUTH BROAD STREET
SUITE 900
PHILADELPHIA, PA. 19102

    *On behalf of Plaintiffs*

TIFFANY M. ALEXANDER
NELSON MULLINS
1235 WESTLAKES DRIVE
SUITE 215
BERWYN, PA. 19312

    *On behalf of Defendant FCA US LLC*

FLOYD G. COTTRELL
COTTRELL SOLENSKY, P.A.
3 UNIVERSITY PLAZA
SUITE 500
HACKENSACK, N.J. 07601

    *On behalf of Defendant FOX RENT A CAR, INC.*

**HILLMAN**, District Judge

    Pending before the Court are Defendants FCA US LLC ("FCA")

and Fox Rent A Car, Inc.'s ("Fox") motions to dismiss pursuant
to Federal Rules of Civil Procedure 12(b)(2), (3).  (ECF 3; ECF
6).  For the reasons expressed below, Defendants' motions will
be granted.

## I.   Background

FCA is a limited liability company headquartered in
Michigan and registered in Delaware which designs, manufactures,
assembles, markets, distributes, and sells cars and car
components.  (ECF 1-1 at 1-2).  Fox is a California corporation
with its principal place of business in Oklahoma engaged in the
renting of cars to consumers.  (Id. at 2; ECF 6-1 at 23).
Defendants ABC Corporations 1-10 are fictional entities in the
business of designing, manufacturing, assembling, marketing,
renting, or selling cars.  (ECF 1-1 at 2).

Plaintiffs Nancy Rinaldi and William Swisher are a married
couple and citizens of New Jersey.  (Id. at 1).  On or about
January 21, 2020, Swisher was driving a 2018 Jeep Wrangler
rented from Fox on US-1 in Monroe County, Florida when the car
was struck by another vehicle and Nancy was thrown from the
passenger seat and injured despite being secured by a seatbelt.
(Id. at 2-3).

Plaintiffs filed a seven-count Complaint in New Jersey
Superior Court – Law Division on January 18, 2022.  (Id.)
Counts 1, 2, 5, and 6 consist of product-liability claims by

Rinaldi against FCA, Fox, and ABC Corporations 1-10.  Plaintiffs allege, with respect to FCA and ABC Corporations, that the seatbelts in the Jeep Wrangler were defective; unsafe or unsuitable for use due to deviations in specifications, formula, or standards of the manufacturer or of other similar units or did not include adequate warnings; and were recalled in 2019 and FCA and ABC Corporations did not remedy the defect or adequately alert Fox as to the recall.  (Id. at 3-4, 8).  Plaintiffs allege that Fox and ABC Corporations rented out the Jeep Wrangler when they knew or should have known that the vehicle was not safe or fit for use and did not remedy the defective seatbelts or heed the 2019 recall.  (Id. at 4-5, 8).

The Complaint also contains claims on behalf of Rinaldi against FCA for breach of warranty, (id. at 6), and negligence against Fox for alleged failure to inspect the Jeep Wrangler and keep Plaintiffs free from hazards, (id. at 7), and a loss of consortium claim against all Defendants on behalf of Swisher, (id. at 10-11).

FCA received a copy of the Summons and Complaint on January 25, 2022, (ECF 1 at 2; ECF 3-2 at 2), and filed a notice of removal on February 18, 2022, (ECF 1).  In its removal notice, FCA asserts that the Court has diversity jurisdiction over this action as Plaintiffs are citizens of New Jersey and that FCA is an LLC whose ultimate owner is a corporation whose principal

3

place of business and place of incorporation is the United

Kingdom, rendering it a citizen of that country[1] and the

Plaintiffs and the one served Defendant completely diverse.[2]

(Id. at ¶6).  Though the Complaint does not specify damages, FCA

represented that, given the alleged severity and permanency of

---

[1] According to the removal petition, FCA's "Russian doll" corporate structure starts with FCA as a domestic LLC, formed in Delaware and headquartered in Michigan.  That entity's sole member is FCA North America Holdings LLC, also a domestic LLC, whose sole member is a foreign corporation, FCA Foreign Sales Holdco Ltd., incorporated under the laws of the United Kingdom and having its principal place of business in that country. Although the removal petition goes on to state the identity of a corporation which owns all the shares of FCA Foreign Sales Holdco Ltd. - another UK corporation – and the sole shareholder of that corporation – a Dutch corporation, the latter two corporate entities are irrelevant for purposes of determining the diversity of the parties.  FCA is a UK citizen, through its sole member FCA North America Holdings LLC, as the latter is a citizen of the country or countries where its sole corporate member is domiciled, in this case the UK.  Who or what owns that corporation has no bearing on diversity jurisdiction.

[2] In the notice of removal, FCA claimed that its co-defendant Fox had not yet been served.  (ECF 1 at ¶ 8).  FCA appears to have engaged in what is referred to as a "snap" removal, where a diverse and served defendant removes prior to service of the complaint and summons on other defendants.  In such a case, non-served defendants need not consent to the removal.  See Brown v. Jevic, 575 F.3d 322, 327 (3d Cir. 2009) ("In the typical case, where all defendants must consent to removal, a defendant who has not been served need not consent to removal.").  The notice of removal pleads in the alternative that if Fox had been served it had "expressed consent" and is also diverse from the Plaintiffs in that it is a California corporation with its principal place of business in the same state.  As Fox would later make clear in its motion to dismiss, FCA is only partially correct in that Fox's principal place of business is in Oklahoma, not California.  In any event, the parties appear to be completely diverse, irrespective of the timing of service and removal, vesting this Court with subject matter jurisdiction.

Rinaldi's injuries, the jurisdictional amount is met.   (Id. at ¶¶ 10-12).

FCA filed one of the pending motions to dismiss pursuant to Federal Rules of Civil Procedure (12)(b)(2) and (3) on February 25, 2022, alleging lack of personal jurisdiction and improper venue.  (ECF 3).  Plaintiffs filed an opposition, (ECF 4), and FCA responded, (ECF 5).

Fox filed the other pending motion to dismiss, also alleging lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3) on September 30, 2022.  (ECF 6).  Plaintiffs filed an opposition, (ECF 8),[3] and Fox filed a response, (ECF 9).

## II. Discussion

### A. Jurisdiction

The Court has jurisdiction over this matter as the parties are diverse in citizenship and the amount in controversy exceeds

---

[3] Fox, in its supplemental brief, contends that Plaintiffs' opposition was untimely because the return date for its motion to dismiss was November 7, 2022 – making Plaintiffs' opposition due by October 24, 2022.  (ECF 9 at 1); see also L. Civ. R. 7.1(d)(2) ("The brief and papers in opposition to a motion, specifying the motion day on the cover page, with proof or acknowledgment of service thereof on all other parties, must be filed with the Clerk at least 14 days prior to the original motion day . . . .").  Plaintiffs did not file an opposition until November 1, 2022.  (ECF 8).  The Court will nonetheless consider Plaintiffs' opposition.  See Elissa H. v. Kijakazi, No. 3:22-cv-3003, 2022 WL 4626980, at *1 n.3 (D.N.J. Sept. 28, 2022).

$75,000.  See 28 U.S.C. § 1332(a).

**B. Personal Jurisdiction**

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal in actions in which the Court does not have personal jurisdiction over a defendant.  See Ontel Prods. Corp. v. Mindscope Prods., 220 F. Supp. 3d 555, 559 (D.N.J. Dec. 8, 2016).  "Once a defendant files a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing sufficient facts to show that jurisdiction exists." Austar Int'l Ltd. v. AustarPharma LLC, 425 F. Supp. 3d 336, 359 (D.N.J. Nov. 27, 2019) (citing Marten v. Godwin, 499 F.3d 290, 295-96 (3d Cir. 2007)).  Without discovery or an evidentiary hearing, however, a plaintiff is held to a deferential Rule 12(b)(6) standard in which the "plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor."  Murphy v. Eisai, Inc., 503 F. Supp. 3d 207, 214 (D.N.J. Nov. 28, 2020) (quoting Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004)).

A federal court's ability to exercise personal jurisdiction depends on the long-arm statute of the state in which the court sits.  Ponzio v. Mercedes-Benz USA, LLC, 447 F. Supp. 3d 194, 213 (D.N.J. Mar. 11, 2020).  To determine whether it has

jurisdiction over a defendant, a court must evaluate both the state's long-arm statute and principles of due process.  Austar Int'l Ltd., 425 F. Supp. 3d at 359-60.  Those steps fold into one another in New Jersey as "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution."  Id. at 360 (quoting Miller Yacht Sales, 384 F.3d at 96).  Due process permits general or specific personal jurisdiction.  Salerno Med. Assocs., LLP v. Riverside Med. Mgmt., LLC, 542 F. Supp. 3d 268, 275 (D.N.J. June 8, 2021) (citing Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 129 (3d Cir. 2020)).

"General jurisdiction extends to all claims against a defendant and exists where a company is 'essentially at home.'" Hepp v. Facebook, 14 F.4th 204, 207 (3d Cir. 2021) (quoting Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 141 S. Ct. 1017, 1024 (2021)).  "A corporation is 'at home' at least where it is incorporated or has its principal place of business."  Salerno Med. Assocs., LLP, 542 F. Supp. 3d at 276 (quoting Chavez v. Dole Food Co., 836 F.3d 205, 223 (3d Cir. 2016) (en banc)). General jurisdiction exists for a limited liability company in its state of formation and principal place of business.  See Rodriguez Rivera v. Loto Grp., LLC, No. 2:20-cv-4062, 2020 WL 7384720, at *1 (D.N.J. Dec. 16, 2020).

Specific jurisdiction, on the other hand, requires a fact-

intensive analysis focused on a defendant's forum-related activities.  See Austar Int'l Ltd., 425 F. Supp. 3d at 360. "[A] court may have specific jurisdiction when the defendant has contacts with the forum, and the plaintiff's claims 'arise out of or relate to' those contacts."  Salerno Med. Assocs., LLP, 542 F. Supp. 3d at 276 (quoting Ford Motor Co., 141 S. Ct. at 1025).  In order for a court to possess specific personal jurisdiction, the defendant (1) must have "'purposefully directed [its] activities' at the forum," (2) the case must "'arise out of or relate to' at least one of those activities," and (3) if the first two prongs are met, the court must decide "whether the exercise of jurisdiction otherwise 'comport[s] with "fair play and substantial justice."'"  Ponzio, 447 F. Supp. 3d at 215 (alterations in original) (quoting O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007)).

## C. Venue

A party may also move to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).  See Al-Ghena Int'l. Corp. v. Radwan, 957 F. Supp. 2d 511, 519 (D.N.J. July 16, 2013).  Unlike analyses with respect to personal jurisdiction and Rule 12(b)(2), determining whether venue is appropriate focuses "not [on] the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'"  Post Acute Med., LLC v.

8

LeBlanc, 826 Fed. Appx. 163, 165 (3d Cir. 2020) (quoting Cottman
Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir.
1994)).  It is the movant's burden to show that venue is
improper and courts generally accept all pleadings as true and
weigh factual conflicts in the plaintiff's favor.  Al-Ghena
Int'l. Corp, 957 F. Supp. 2d at 519.

Whether venue is proper is informed by 28 U.S.C. § 1391.
See Bockman v. First Am. Mktg. Corp., 459 Fed. Appx. 157, 160
(3d Cir. 2012).  First, an action may be brought in the district
in which any defendant resides so long as all defendants reside
in the state in which the district is located.  28 U.S.C. §
1391(b)(1).  The residence of the plaintiff is irrelevant.  Al-
Ghena Int'l. Corp, 957 F. Supp. 2d at 520.  Second, venue is
proper in the district in which "a substantial part of the
events or omissions giving rise to the claim occurred."  28
U.S.C. § 1391(b)(2).  Though courts are not required "to select
the 'best' forum, the weighing of 'substantial' may at times
seem to take on that flavor."  Post Acute Med., LLC, 826 Fed.
Appx. at 165 (quoting Cottman Transmission Sys., Inc., 36 F.3d
at 294).

Finally, if there is no other district in which the action
may be brought, venue is appropriate in any district in which
any defendant is subject to personal jurisdiction.  28 U.S.C. §
1391(b)(3).  Subsection 1391(b)(3) is a "fallback" and may be

used "only if there is no other venue where the action can be brought . . . ."  See GAR Disability Advocs., LLC v. Deem, No. 17-cv-4814, 2018 WL 2329779, at *3 (D.N.J. May 22, 2018).

When a court concludes that venue is improper, it may dismiss the case or transfer it to another district pursuant to 28 U.S.C. § 1406(a).  See Ferratex, Inc. v. U.S. Sewer & Drain, Inc., 121 F. Supp. 3d 432, 436 (D.N.J. Aug. 4, 2015); see also 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").  Courts may also transfer matters when venue is proper, but when transfer nonetheless would be to the convenience of the parties.  Ferratex, Inc., 121 F. Supp. 3d at 436; see also 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").

## III. Analysis

### A. Personal Jurisdiction

The Court will first evaluate whether it may exercise personal jurisdiction over FCA and Fox.  As stated, general and specific personal jurisdiction both comport with due process.

See Salerno Med. Assocs., LLP, 542 F. Supp. 3d at 275.

To begin, the Court does not find, and the parties do not appear to argue, that general jurisdiction exists over either FCA or Fox.  FCA is a limited liability company registered in Delaware and headquartered in Michigan.  (ECF 1-1 at 1-2; ECF 3 at 5).  Fox is a corporation incorporated in California with a principal place of business in Oklahoma.  (ECF 1-1 at 2; ECF 6-1 at 23).  Therefore, neither are at home in New Jersey.  See Hepp, 14 F.4th at 207.

Rather, Plaintiffs contend in their oppositions to both motions to dismiss that FCA and Fox place undue emphasis on the location of the accident and that specific jurisdiction exists over both Defendants.  (ECF 4 at 3-4; ECF 8 at 3-4).  These contentions are premised on Swisher reserving rental of the Jeep Wrangler over the telephone while in New Jersey and Defendants' marketing in New Jersey as evidenced by Plaintiffs' rental. (Id.).  The Court disagrees.

First, general allegations of marketing within the state, without more, do not support exercise of specific jurisdiction. See, e.g., Oyebanji v. Palmetto Vacation Rentals LLC, No. 20-cv-8983, 2021 WL 3732883, at *3 (D.N.J. Aug. 20, 2021) ("[A]bsent evidence that [the defendant] targeted its advertising efforts at New Jersey in particular, specific jurisdiction will not lie." (citing Benitez v. JMC Recycling Sys., Ltd., 97 F. Supp.

11

3d 576, 583 (D.N.J. Apr. 10, 2015))); <u>Bonavito v. President and
Fellows of Harvard Coll.</u>, No. 20-14657, 2021 WL 2722578, at *3
(D.N.J. June 30, 2021) (rejecting the plaintiff's argument that
the college directed activities toward New Jersey as evidenced
by his enrollment, concluding that plaintiff failed to
demonstrate that advertisements were placed in New Jersey or
purposely targeted New Jersey residents).

Second, with respect to Swisher's telephone call to Fox,
FCA argues, and the Court agrees, that Swisher's "phone call to
Fox reflects nothing about [FCA's] 'in-state activity.'" (ECF 5
at 4); <u>see also</u> <u>A.S.T., LLC v. Pallenberg</u>, No. 07-795, 2007 WL
1827188, at *3 n.2 (D.N.J. June 25, 2007) ("The Court is unaware
of any authority — and Plaintiff has cited none — standing for
the proposition that the unique nature of a relationship between
a co-defendant, the plaintiff and a non-party could give rise to
personal jurisdiction in a forum with which the defendant has no
contacts.").

Finally, to the extent that Swisher's telephone reservation
is relevant to Fox and FCA's alleged conduct directed toward New
Jersey, the Court holds that it is insufficient to establish
that either Defendant is subject to personal jurisdiction. The
discussion in <u>Lozinski v. Black Bear Lodge, LLC</u>, an analogous
case in which a New Jersey family rented a condominium at a New
Hampshire resort, is informative. <u>See</u> No. 16-7963, 2017 WL

12

1380416, at *1 (D.N.J. Apr. 10, 2017).  While at the resort, one
of the plaintiffs fell down a staircase and was injured and the
plaintiffs attempted to use their contractual relationship with
the resort and the resort's internet presence to support
personal jurisdiction.  Id. at 2-3.  The court rejected these
arguments, concluding that the resort did not purposefully
direct activities toward New Jersey by operating its website or
contracting with the plaintiffs, which was initiated by a
plaintiff's telephone reservation.  Id. at 4.

    Here, though Plaintiffs' assertion that Swisher reserved
the Jeep Wrangler over the telephone while in New Jersey may
evidence a contractual relationship between Plaintiffs and Fox,
that relationship alone cannot establish purposeful availment
sufficient to establish personal jurisdiction.  Therefore, the
Court holds that Plaintiffs have not carried their "burden of
establishing sufficient facts to show that jurisdiction exists,"
see Austar Int'l Ltd., 425 F. Supp. 3d at 359, and will grant
FCA and Fox's motions for lack of personal jurisdiction.

    **B. Venue**

    Even if personal jurisdiction did exist over FCA or Fox,
the Court holds that venue is improper in the District of New
Jersey.  As stated, actions may be brought (1) in the district
in which any defendant resides so long as all defendants reside
in the state in which the district is located, (2) the district

13

in which "a substantial part of the events or omissions giving rise to the claim occurred," or (3) if there is no other district in which the action may otherwise be brought, any district that may exercise personal jurisdiction over any defendant.  28 U.S.C. § 1391(b).

For the reasons stated above, the Court finds that FCA and Fox are not citizens of the same state and, in any case, that neither reside in New Jersey.  Plaintiffs do not appear to claim otherwise.  Rather, in response to both motions to dismiss, Plaintiffs assert that venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Swisher rented the Jeep Wrangler over the telephone while in New Jersey – "the critical moment" in which the allegedly defective car was allocated to Plaintiffs.  (ECF 4 at 5-6; ECF 8 at 5-6).  The Court disagrees.

First, though plaintiffs' claims often arise in their home district in product liability actions, "[t]raditionally, the important acts and omissions regarding product liability claims are: (i) where the faulty product was used; and (ii) where Plaintiff's injuries occurred."  Lembert-Melendez v. CL Med., Inc., No. 13-4908, 2014 WL 5881052, at *4 (D.N.J. Nov. 10, 2014) (collecting cases).  In Lembert-Melendez, the court concluded that, though the plaintiff first learned of her injuries caused by the implanting of a medical device while in New Jersey, "the crucial event in th[e] case was the implantation of the I-Stop

14

device, which occurred in Florida."  2014 WL 5881052, at *5.

Here, Plaintiffs were driving in Monroe County, Florida when the relevant accident took place and Rinaldi was thrown from the car and injured.  (ECF 1-1 at 2-3).  Further, a declaration provided by a FCA product analyst attests that the Jeep Wrangler was designed in Michigan, assembled in Ohio, shipped to Florida, and the sale was processed in Utah.  (ECF 3-4 at ¶¶ 7-10).

The Court is not persuaded that Swisher's reservation of the Jeep Wrangler while in New Jersey makes this district one in which "a substantial part of the events or omissions giving rise to the claim occurred," see 28 U.S.C. § 1391(b)(2), a conclusion supported by analogous decisions within the Third Circuit.  In Orazi v. Hilton Hotels Corp., for instance, a plaintiff reserved his Texas hotel room online from his home in Pennsylvania.  No. 09-cv-05959, 2010 WL 4751728, at *1 (E.D. Pa. Nov. 22, 2010).  The plaintiffs argued that venue was proper in the Eastern District of Pennsylvania because a substantial part of the events or omissions occurred there, including the reservation of the hotel room and reliance as to the availability of disability accommodations.  Id. at *8.  The court disagreed and held that venue was improper under what was then Subsection 1392(a)(2) because, while the reservation created a duty of care in the plaintiffs' negligence action, the relevant inquiry was the

15

location of the breach of the duty, which occurred in Texas.
Id. at *9.

Similarly, in Moultry v . Holiday Inns, Inc., the
plaintiffs alleged racial discrimination stemming from hotel
reservations made over the telephone by a plaintiff in
Philadelphia.  No. Civ. A. 94-3886, 1994 WL 597689, at *1 (E.D.
Pa. Nov. 1, 1994).  The court held that, even if the reservation
created a contract, a single call did "not constitute a
substantial part of the events on which the claim [wa]s based"
when the denial of service and access, insults, and other
racially discriminatory acts all occurred in Alabama.  Id. at
*3.

The Court holds that similar principles apply here and
cannot find that Swisher's telephone reservation constitutes "a
substantial part of the events or omissions giving rise to the
claim occurred," see 28 U.S.C. § 1391(b)(2), when the actual
accident and injuries took place in Florida, (ECF 1-1 at 2-3);
see also Lembert-Melendez, 2014 WL 5881052, at *4 (noting that
the important acts and omissions in a product liability action
are usually where the product was used and the injuries
occurred).  Because the Court finds that venue is appropriate,
at the very least, in the Southern District of Florida, see 28
U.S.C. § 89(c) (listing Monroe County as among those comprising
the Southern District of Florida), the Court need not evaluate

16

again the personal jurisdiction of FCA and Fox, see 28 U.S.C. §
1391(b)(3); GAR Disability Advocs., LLC, 2018 WL 2329779, at *3.

**C. Transfer**

Having concluded that venue is improper and that personal
jurisdiction is lacking, the Court will consider whether
transfer is appropriate.  See 28 U.S.C. § 1406(a) ("The district
court of a district in which is filed a case laying venue in the
wrong division or district shall dismiss, or if it be in the
interest of justice, transfer such case to any district or
division in which it could have been brought."); § 1631
("Whenever a civil action is filed in a court . . . and that
court finds that there is a want of jurisdiction, the court
shall, if it is in the interest of justice, transfer such action
. . . to any other such court . . . in which the action . . .
could have been brought . . . .").

The Court first notes that, with limited exception,[4] the
parties have not briefed or otherwise advocated for transfer.
Courts may nonetheless transfer cases sua sponte.  See Danziger
& De Llano, LLP, 948 F.3d at 132 (discussing transfer pursuant

---

[4] FCA asserts in its motion to dismiss that, even if it is
subject to personal jurisdiction in New Jersey, that transfer to
the Southern District of Florida would be appropriate for the
convenience of the parties pursuant to 28 U.S.C. § 1404(a).
(ECF 3 at 15 n.5).  However, believing dismissal for lack of
personal jurisdiction and improper venue to be warranted, FCA
expressly chose to "not include briefing in support of this
alternative approach."  (Id.)

to 28 U.S.C. § 1631).  Exercising its "'broad discretion' not to transfer," see id. (quoting Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995)), the Court will decline to do so in this instance.

First, transfer is limited to districts in which the action could have originally been brought.  See 28 U.S.C. § 1406(a); 1631.  While, for the reasons stated above, the Court finds that venue would be appropriate in the Southern District of Florida, the parties have not provided briefing specific to whether the Southern District of Florida may exercise personal jurisdiction over FCA and Fox.  See Harfouche v. Wehbe, 950 F. Supp. 2d 766, 773 (D.N.J. June 19, 2013) (noting that several defendants had not made arguments for or against transfer and, without more information, the court could not determine whether the case could have been brought in the Southern District of New York). The Court declines to interpret Florida's long-arm statute on behalf of the Southern District of Florida with the limited record before it, particularly as the Eleventh Circuit Court of Appeals would not have jurisdiction to review the transfer based on that interpretation.  See Morgan v. Christensen, 582 Fed. Appx. 806, 808 (11th Cir. 2014) (citing Murray v. Scott, 253 F.3d 1308, 1314 (11th Cir. 2001)).

Second, the Court finds that the interest of justice does not weigh in favor of transfer.  "The 'interest of justice'

18

requirement ordinarily will be satisfied if the statute of
limitations has expired subsequent to the time of the original
filing, so that transfer, rather than dismissal, will preserve
the plaintiff's cause of action."  Am. Fin. Res., Inc. v.
Smouse, No. 17-12019, 2018 WL 6839570, at *5 (D.N.J. Dec. 31,
2018) (quoting 17 Moore's Federal Practice § 111.52).  The
statute of limitations for negligence, product liability, and
breach of warranty claims in Florida is four years for each
claim.  See Fla. Stat. Ann. § 95.11(3)(a), (e), (k).  Further,
the statute of limitations for a loss of consortium claim in
Florida is tied to that of the underlying claim.  See Elkins v.
R.J. Reynolds Tobacco Co., 65 F. Supp. 3d 1333, 1337 (M.D. Fla.
Nov. 4, 2014) ("When a loss of consortium claim is linked to . .
. a personal injury claim, the limitations period on the
consortium claim is four years as well.").  Therefore, dismissal
here would not prevent Plaintiffs from filing an action in
Florida should they so choose.

Finally, while other considerations including time and
expense may generally favor transfer, see Am. Fin. Res., Inc.,
2018 WL 6839570, at *5 (citing 17 Moore's Federal Practice §
111.52), the Court notes that the parties have not engaged in
discovery or significant briefing at this time, limiting
potential additional time and expense.  It is further due to
this lack of briefing that the Court is unaware of any interests

and intentions that have led the parties to choose not to seek transfer.  Therefore, the Court will not sua sponte transfer this matter when doing so may be counter to those interests and intentions.

## IV. Conclusion

For the reasons stated above, Defendants' motions to dismiss, (ECF 3; ECF 6), will be granted and Plaintiffs' Complaint, (ECF 1-1), will be dismissed without prejudice.

An Order consistent with this Opinion will be entered.


Date: November 30, 2022          s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

20